**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DOUGLAS L. MILLER and )
DEBORA A. MILLER, )
)
      Plaintiffs, )
)
v. )      Civil Action No. 3:07CV010-HEH
)
KING GEORGE COUNTY, VIRGINIA, et al., )
)
      Defendants. )

**MEMORANDUM OPINION**
**(Granting Defendants' Motion to Dismiss)**

This is a local zoning dispute that has evolved into a civil rights action through a long

history of unsuccessful state litigation.  It is currently before the Court on Defendants' Rule

12(b)(6) Motion to Dismiss filed on February 12, 2007, by King George County, Virgina, the

Board of Supervisors of King George County, Virginia, R. Bryan David, and Jack Green.[1]  The

parties have filed memoranda of law in support of their respective positions.  The Court will

dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the Court, and argument would not aid in the decisional process.  For the

reasons stated herein, the Court will grant Defendants' motion.

**I.  Background**

Despite its constitutional trimmings, at core, this case involves a dispute over the

enforcement of a local zoning ordinance on property owned by Plaintiffs Douglas L. Miller and

Debora A. Miller in King George County, Virginia.  In 2000, Plaintiffs began building a two-

---

[1]  Defendant David was not employed by the County during the time relevant to this
action, and therefore Plaintiffs consent to his dismissal from this case.

family dwelling on a certain parcel of the property.  According to Plaintiffs, they obtained the requisite zoning permits from the County and water supply permits from the Virginia Department of Health ("VDH") and proceeded to connect the dwelling to a deep well authorized by the permits.  The deep well also served two additional dwellings located on two separate parcels of the common property.  Plaintiffs were subsequently cited for violating King George County Zoning Ordinance Section 1.7.1, which requires a special exception permit in cases where a single well serves more than two separate structures on multiple parcels of property, by Defendant Jack Green, the County Director of Community Development.  Plaintiffs requested a special exception permit, which was denied by Defendant Board of Supervisors.  Plaintiffs claim that the County has proffered no reason for the denial.

The procedural history in this case is extensive.[2]  On February 28, 2001, Plaintiffs received notice of the zoning violation from the county's Zoning Administrator.  Plaintiffs did not appeal the decision to the Board of Zoning Appeals within thirty days, as required by Va. Code § 15.2-2301, which made the decision final.  On March 12, 2001, Plaintiffs instead appealed by letter to the Board of Building Code Appeals.  However, by a resolution dated April 19, 2001, the Board dismissed Plaintiffs' appeal because it was based on the Zoning Administrator's decision to void the zoning permit, over which the Board had no jurisdiction.  In the meantime, on April 3, 2001, the county notified Plaintiffs that their zoning permit was void and their building permit was revoked until they could obtain a valid zoning permit.

On February 8, 2001, Plaintiffs were notified by the County that their application for a

---

[2]  Because it is unclear from the Complaint, the Court primarily relies on the Court of Appeals of Virginia decisions to trace the procedural history of Plaintiffs' actions.

2

certificate of occupancy had been denied.  Plaintiffs later appealed the denial of the certificate of

occupancy to the State Building Code Technical Review Board.  The Review Board found that

Plaintiffs' appeal was moot because no certificate of occupancy could be granted without a valid

building permit.  Further, the Review Board found that Plaintiffs' failed to timely file an appeal

from the building permit revocation decision because they failed to raise it as an issue before the

Board of Building Code Appeals.  In their first state court action, commencing on March 21,

2001, Plaintiffs appealed the Review Board's decision to the Circuit Court of King George

County, which, after reviewing the record and hearing arguments, upheld the Review Board's

decision and dismissed the case as moot.  On July 22, 2003, the Court of Appeals of Virginia

summarily affirmed the circuit court decision, also finding the issue moot because Plaintiffs

failed to appeal the revocation of their building permit or the decision of the Zoning

Administrator, or to seek a special exemption from the zoning requirements.  *See Miller v. State

Bldg. Code Technical Review Bd.*, No. 0365-03-2 (Va. Ct. App. July 22, 2003) ("*Miller I*").

On July 26, 2002, after finding Plaintiff in violation of King George County Zoning

Ordinance 1.7.1, the circuit court ordered Plaintiff to abate the violation within ten days.[3]  Three

separate times, the circuit court found Plaintiff in contempt of the July 26, 2002 order for failure

to take corrective action, namely, on November 19, 2002, on January 23, 2003, and again on

March 20, 2003.  Plaintiff appealed the circuit court's decision finding him in contempt, and on

February 10, 2004, the Court of Appeals of Virginia summarily affirmed the decision of the trial

court.  *See Miller v. Bd. of Supervisors*, No. 1050-03-2 (Va. Ct. App. Feb. 10, 2004) ("*Miller*

---

[3]  "Plaintiff" in singular form refers to Mr. Miller, who was the sole plaintiff in the
second civil proceeding in state court and the sole defendant in the criminal proceeding in state
court.

*II*").  Plaintiff attempted on appeal to argue that the zoning ordinance was unconstitutional, however, the court of appeals found that such arguments were not made in the trial court and therefore declined to consider them for the first time on appeal.  The court additionally found that, because the Supreme Court of Virginia had previously rejected his appeal of the order finding him in violation of the zoning violation, Plaintiff could not then collaterally challenge that order before the court of appeals.  On March 1, 2004, the court of appeals denied Plaintiff's Petition for Rehearing.

On May 17, 2002, the County issued a summons charging Plaintiff with violating King George Zoning Ordinance Section 1.7.1 and Virginia Code § 36-106 by causing a dwelling to be occupied that did not conform with the County's zoning regulations.  The trial court subsequently convicted Plaintiff of violating Code § 36-106, imposed a fine, and again ordered Plaintiff to bring his property into compliance.

On appeal to the Court of Appeals of Virginia, Plaintiff argued *inter alia* that the trial judge refused to hear his arguments that the County ordinance was unconstitutional and erred by not striking down the ordinance as constitutionally infirm.  The court of appeals affirmed the trial court, holding that Plaintiff's arguments were adequately addressed, and that the ordinance was a valid exercise of the County's zoning authority pursuant to state law.  *See Miller v. Commonwealth*, No. 2971-02-2 (Va. Ct. App. Feb. 15, 2005) ("*Miller III*").  The court further found that "the County's ordinance was reasonable, was within the County's zoning authority, and does not infringe on the Department of Health's authority to regulate private wells."  In addition, the court concluded that Plaintiff's due process and takings claims challenging the zoning violation were meritlesss, upheld the County's zoning ordinance, and affirmed Plaintiff's

4

conviction.  The Supreme Court of Virginia denied Plaintiff's appeal on June 24, 2005.  The immediate lawsuit was filed a year and a half later.

In the case now before the court, Plaintiffs bring four claims.  First, Plaintiffs allege that the Defendants arbitrarily and capriciously enforced the local zoning ordinance depriving them of their right to due process as protected by the Fourteenth Amendment to the Constitution of the United States, in violation of 42 U.S.C. § 1983.  Second, Plaintiffs claim that Defendants' actions deprive Plaintiffs of their rights to hold private property and to not have such property taken for public use without just compensation as protected by the Fifth and Fourteenth Amendments, again in violation of 42 U.S.C. § 1983.  Third, Plaintiffs contend that the zoning ordinances are preempted and void by operation of Virginia state law, more particularly, the Virginia Private Well Regulations, the Private Well Construction Act, and the Public Water Supplies Act.  Finally, Plaintiffs maintain that Defendants' actions are unreasonable and irrational with no lawful basis under Virginia or federal law and, thus, are ultra vires and void.

Defendants bring the present Motion to Dismiss, arguing *inter alia* that Plaintiffs claims are barred by the statute of limitations.  Defendants also assert that Plaintiffs claim under the Takings Clause is not ripe because of Plaintiffs' failure to seek compensation through state procedures.  Plaintiffs concede that a two-year statute of limitations applies, but argue that the statute of limitations was tolled by the state court proceedings, and in the alternative, by the continuing violation doctrine.  Plaintiffs' position lacks legal merit and factual underpinnings.

## II.  Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin*, 980 F.2d at 952 (internal quotations omitted). The Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Id.*

### III. Analysis

Plaintiffs' first claim under 42 U.S.C. § 1983 alleges that Defendants violated their due process rights under the Fourteenth Amendment. Section 1983 contains no statute of limitations, so courts must apply the forum state's statute of limitations for personal injury claims. *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, the applicable limitations period is two years after the cause of action accrues. *See* Va. Code Ann. § 8.01-243(A). Although it is difficult to discern from the Complaint, Plaintiffs appear to concede in their Opposition, and do not argue otherwise, that their cause of action accrued on or before April 2, 2001. Despite filing this action almost six years later on January 9, 2007, Plaintiffs argue that the two-year statute of limitations does not bar their suit under two theories: first, under the tolling provisions of Virginia Code § 8.01-229, and second, under the continuing violation doctrine.

Plaintiffs argue that the statute of limitations period should be tolled while their state court actions were pending. Plaintiffs rely on Section 8.01-229(E)(1), which provides in

pertinent part:

> [I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code Ann. § 8.01-229(E)(1).  This Court does not find Plaintiffs' argument persuasive.

In *Miller I*, Plaintiffs appealed the State Building Code Technical Review Board's decision to deny them a certificate of occupancy.  The Court of Appeals of Virginia affirmed the trial court's ruling to uphold the Review Board's decision because Plaintiffs could not obtain a certificate of occupancy without a valid building permit.  *Miller I* was decided on the merits, and no constitutional claims were made.  In *Miller II*, Plaintiff appealed the trial court's decision finding him in contempt for failing to abate the zoning violation as ordered by the court.  The court of appeals affirmed the trial court's decision on the merits.  Again, Plaintiff raised no constitutional claims.  Plaintiff attempted to argue the constitutional claims for the first time on appeal, however, the court of appeals declined to consider them.  In *Miller III*, Plaintiff was convicted in the trial court of a misdemeanor for violating the county's zoning regulations.  The trial court rejected the constitutional claims, and the court of appeals affirmed.

These actions do not serve to toll the statute of limitations under § 8.01-229(E)(1).  The purpose of Section 8.01-229(E)(1) is to "allow an action, previously terminated 'without determining the merits,' to avoid a second dismissal based on a plea of the statute of limitations." *Gilbreath v. Brewster*, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995).  Such is not the case here.  Plaintiffs raised no constitutional claims in either *Miller I* or *Miller II*.  When Plaintiffs argued their constitutional claims in *Miller III*, the trial court and the court of appeals specifically held

7

the claims to be meritless.  Each case was determined on the merits and cannot be refiled.

Section 8.01-229(E)(1) therefore does not apply.

Plaintiffs alternatively argue that the statute of limitations was tolled under the

continuing violation doctrine.  Plaintiffs misconstrue its application.  In their Complaint,

Plaintiffs allege that their due process rights were violated by Defendants' enforcement of the

zoning ordinance, including revoking their building permit and denying them a certificate of

occupancy.  These were discrete acts occurring on or before April 2, 2001, and consequently, the

continuing violation doctrine does not apply.  *See Williams v. Giant Food Inc.*, 370 F.3d 423,

429 (4th Cir. 2004).  Despite Plaintiffs' argument to the contrary, neither their continuing

violation of the law nor the continuing effects of Defendants' actions trigger the doctrine.  *See*

*Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) ("A continuing

violation is occasioned by continual unlawful *acts*, not continual ill effects from an original

violation." (emphasis added)).  "[A] 'continuing wrong' theory should not provide a means of

relieving plaintiff from its duty of reasonable diligence in pursuing its claims."  *Id.* at 1168

(alteration in original).

The next facet of Plaintiffs' § 1983 claim alleges a violation of their rights under the

Takings Clause of the Fifth Amendment.  Some case law suggests that the continuing violation

doctrine applies differently to claims based on the Takings Clause than claims based on the Due

Process Clause.  *See Jackson v. City Council*, 659 F. Supp. 470, 474–75 (W.D. Va. 1987).  The

Court, however, need not determine whether Plaintiffs' takings claim is time barred.

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*,

473 U.S. 172, 105 S. Ct. 3108 (1985), the Supreme Court of the United States has noted, "if a

State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195, 105 S. Ct. at 3121.  Virginia provides such a procedure. *See* Va. Code Ann. § 8.01-187.  It appears that Plaintiffs have not availed themselves of this procedure, and Plaintiffs do not allege or argue otherwise.  Plaintiffs urge the Court to merely find an unconstitutional taking without consideration of compensation, however, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation."  *Williamson County Reg'l Planning Comm'n*, 473 U.S. at 194, 105 S. Ct. at 3120.

Accordingly, the Court finds that Plaintiffs' § 1983 action is time barred with respect to their due process claim and is not ripe with respect to their takings claim and both will therefore be dismissed.  The Court declines to exercise supplementary jurisdiction over the remaining claims, which are grounded in state law, and thus, those claims will be dismissed as well.

## IV.  Conclusion

For the reasons stated above, Defendants' motion will be granted.  In light of the foregoing disposition, the Court need not address Plaintiffs' pending Motion for Leave to File Amended Complaint.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____

Henry E. Hudson
United States District Judge

9

ENTERED this __27th__ day of __March 2007__.
Richmond, VA